## Commonwealth v. Reber

*Roger B. Reynolds*, assistant district attorney, for Commonwealth.

*Milton Jacobson*, for defendant.

KNIGHT, P. J., October 27, 1942.—Defendant was charged with a violation of section 1002(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. He was given a hearing before Justice of the Peace William Urban, and found guilty. He appealed to this

court, where, after a full hearing, he was adjudged guilty.

The first reason assigned in support of the motion is that the conviction was against the weight of the evidence. We do not think this a proper reason to advance in support of a motion in arrest of judgment, but we have reviewed the record, and are of the opinion that the finding of the hearing judge should be sustained.

The other reasons are properly summed up by counsel for the defendant in his brief, as follows: "Is the evidence sufficient, as a matter of law, to sustain the finding that the defendant was guilty of violating section 1002 (a) of The Motor Vehicle Code?"

The evidence supports the following findings of fact. The speed limit in the Borough of Ambler is 25 miles per hour. Butler Avenue at its intersection with Lindenwold Avenue in the borough is 36 feet wide from curb to curb. There is an automatic traffic light at the intersection. At 7:25 a.m. on June 9, 1942, three automobiles proceeding west on Butler Avenue were stopped at the intersection, waiting for the light to change. When the light changed, these cars proceeded to cross Lindenwold Avenue, when defendant, operating his automobile at the rate of 45 miles an hour, going west on Butler Avenue, swung far to his left across the centre line of Butler Avenue, passing two of the preceding cars in the intersection, and the third when he had crossed to the west side of Lindenwold Avenue. There was traffic coming east on Butler Avenue at the time, but there was no accident or near accident.

The Act of May 1, 1929, P. L. 905, sec. 1002 (a), known as The Vehicle Code, as amended by the Act of June 27, 1939, P. L. 1135, sec. 23, provides as follows:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper,

having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

The finding of the hearing judge was:

"Now, July 24, 1942, after hearing, the Court finds the defendant guilty of violating section 1002 sub-section '(a)' of The Motor Vehicle Code in that he did, on the 9th day of June, 1942, drive his car at a speed that was unreasonable and improper and without due regard for the traffic, surface, and width of the highway and of other restrictions or conditions then and there existing and that he did drive the said automobile at such speed as to endanger the life, limbs, or property of any person, and at a speed greater than would permit him to bring the vehicle to a stop within the assured clear distance ahead."

Counsel argues that the prosecution was based on section 1001 (a) of the code, which defines and prohibits reckless driving, and since the Commonwealth failed to show that defendant operated his car so as to endanger any person or property, or that he wilfully or wantonly drove the machine in disregard of the rights or safety of others, he was improperly convicted, citing Commonwealth v. Shriver, 35 D. & C. 1 (1939), Commonwealth v. Hughes, 22 D. & C. 377 (1935), and Commonwealth v. Frisch, 57 Montg. 158 (1941). In all these cases, the information charged a violation of section 1001 (a), the reckless driving section.

It is true that the hearing judge, several times during the hearing, inadvertently and improperly referred to the charge against defendant as that of "reckless driving." The information was based on section 1002 (a) and not section 1001 (a). The only charge that

defendant was called upon to answer, or could have been called upon to answer, under the information, was of violating section 1002(*a*), and that was what the hearing judge found him guilty of. Therefore, the case based on section 1001(*a*) have no application here.

Section 1001(*a*) contains, inter alia, the words, "or in a manner so as to endanger any person or property". Section 1002(*a*), supra, contains, inter alia, the words, "and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person".

Counsel argues that, since each section contains these similar words, the two sections should receive identical construction. We cannot agree with this contention. The above-quoted words do not qualify or limit the entire section 1002(*a*), and a person could be convicted of a violation of this section although he did not operate the car at such a speed as actually to endanger the life, limb, or property of any person.

Lastly, counsel argues that all evidence of the speed of defendant's car should be ignored, because the speed was not timed, as provided in section 1002(*d*) and (*e*). In this regard, we agree with Judge Atlee of Lancaster County, Commonwealth v. Weber, 33 D. & C. 488 (1938), wherein he said (p. 489):

"From a careful examination of The Vehicle Code, supra, with its amendments and supplements, and in particular the provisions of section 1002(*e*), requiring the speed at which defendant is alleged to have driven to be specified in the information, the court is convinced that this provision of section 1002(*e*) is to be read in connection with section 1002(*d*), relating to timed speed. Appellant has been accused in the information with violation of section 1002(*a*). This section does not require a vehicle driver to observe any definite speed."

It may be that the hearing judge erroneously found defendant guilty of some of the operating conduct for-

bidden by section 1002 (*a*), but the finding that he drove at "a speed that was unreasonable and improper and without due regard for the traffic, surface, and width of the highway and of other restrictions or conditions then and there existing" is fully supported by the evidence, and is sufficient to sustain the conviction.

And now, October 27, 1942, the motion in arrest of judgment is overruled; all exceptions are dismissed; and defendant directed to appear in courtroom "A", on Friday, November 6, 1942, to receive the sentence of the court.